**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | |
|---|---|
| **ERIC BIKE** | **PLAINTIFF** |
| **v.** | **CASE NO.: 3:24-cv-00076-DMB-RP** |
| **COVETRUS, INC.** | **DEFENDANT** |

---

# DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES

---

In response to Plaintiff's Complaint (Doc. 1), Defendant responds to the specific allegations set forth in it. Except to the extent an allegation is expressly and unambiguously addressed below, Defendant denies each and every allegation of the Complaint, and further denies that Plaintiff is entitled to any relief whatsoever.

## I. INTRODUCTION

1. Defendant admits that Plaintiff claims this to be a civil action and one based on what he thinks he believes, but Defendant denies the remaining allegations in Paragraph 1.

## II. PARTIES

2. Defendant admits that Plaintiff, upon information and belief, resided in or around Southaven, Mississippi.

3. Defendant admits that it is a commercial entity incorporated in the State of Delaware, but Defendant denies the remaining allegations in Paragraph 3.

4. Admitted.

5. Denied.

6. Admitted.

******************

## III. JURISDICTION AND VENUE

7. Defendant admits that Plaintiff brings this action under 28 U.S.C. § 1331. The remaining allegations in Paragraph 7 are statements of law, legal conclusions, or both to which no response is required. But to the extent any allegation in Paragraph 7 purports to entitle Plaintiff to any relief whatsoever, Defendant denies it. Defendant, nevertheless, does not contest whether this Court has subject matter jurisdiction under Section 1331.

8. Defendant denies allegations regarding any unlawful employment practice. The remaining allegations in Paragraph 8 are statements of law, legal conclusions, or both to which no response is required. But to the extent any remaining allegation in Paragraph 8 purports to entitle Plaintiff to any relief whatsoever, Defendant denies it. Defendant, however, does not contest venue under Section 1391(b)(2).

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. The allegations in Paragraph 9 are statements of law, legal conclusions, or both to which no response is required. But to the extent any allegation in Paragraph 9 purports to entitle Plaintiff to any relief whatsoever, Defendant denies it.

10. Defendant admits that Plaintiff filed a Charge of Discrimination and an Amended Charge with the EEOC in or around September 20, 2022, and that Exhibit 1 is a written document entitled Dismissal and Notice of Rights, which speaks for itself. The remaining allegations in Paragraph 10 are statements of law, legal conclusions, or both to which no response is required. But to the extent any remaining allegation in Paragraph 10 purports to entitle Plaintiff to any relief whatsoever, Defendant denies it.

## V. STATEMENT OF FACTS

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied.

15. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's birthplace and how long Plaintiff has been in the United States. This statement has the effect of a denial of these allegations, *see* Fed. R. Civ. P. 8(b)(5), and Defendant denies any remaining allegation in Paragraph 15.

16. Defendant admits that Plaintiff had oversight responsibilities but denies any remaining allegation in Paragraph 16 because it does not know what "activities" Plaintiff is referring to in Paragraph 16.

17. Defendant was not responsible for any improvements at Defendant's Southaven Center. Defendant, in turn, denies the allegations in Paragraph 17.

18. Defendant is without knowledge or information sufficient to form a belief as to when in 2021 Plaintiff alleges the stated LPH score to have been reached. This statement has the effect of a denial of this allegation, *see* Fed. R. Civ. P. 8(b)(5), and Defendant denies any remaining allegation in Paragraph 18.

19. Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff alleges the stated LPH score to have been reached. This statement has the effect of a denial of these allegations, *see* Fed. R. Civ. P. 8(b)(5), and Defendant denies any remaining allegation in Paragraph 19.

20. Defendant is without knowledge or information sufficient to form a belief as to any distinction Plaintiff intends between achieved, versus scored or recorded. This statement has the

effect of a denial of these allegations, *see* Fed. R. Civ. P. 8(b)(5), and Defendant denies any remaining allegation in Paragraph 20.

21. Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff alleges the stated LPH scores to have been reached. This statement has the effect of a denial of these allegations, *see* Fed. R. Civ. P. 8(b)(5), and Defendant denies any remaining allegation in Paragraph 21.

22. Denied.

23. Denied.

24. Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff is claiming the alleged dinner to have actually occurred, whether in his first week of work or within a week of him starting work. This statement has the effect of a denial of this allegation, *see* Fed. R. Civ. P. 8(b)(5), and Defendant denies the remaining allegations in Paragraph 24.

25. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff claims to be summarizing or quoting any claimed text. This statement has the effect of a denial of this allegation, *see* Fed. R. Civ. P. 8(b)(5), and Defendant denies the remaining allegations in Paragraph 25.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff means by arranged. This statement has the effect of a denial of this allegation, *see*

Fed. R. Civ. P. 8(b)(5). Defendant admits that it tried to issue Plaintiff a company phone, that Plaintiff was using his personal cell phone for company business, and that Plaintiff should not have been using his personal cell phone for company business. Defendant denies the remaining allegations in Paragraph 30.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Defendant admits that Plaintiff interfered with pest controls services used by Defendant, like by unilaterally cancelling the service, and that he failed to track and ensure payment of billing/invoicing in connection with pest control services. Defendant denies the remaining allegations in Paragraph 35.

36. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff claims to be summarizing or quoting any alleged conversation or exchange. This statement has the effect of a denial of these allegations, *see* Fed. R. Civ. P. 8(b)(5), and Defendant denies the remaining allegations in Paragraph 36.

37. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff claims to be summarizing or quoting any alleged conversation or exchange. This statement has the effect of a denial of these allegations, *see* Fed. R. Civ. P. 8(b)(5), and Defendant denies the remaining allegations in Paragraph 37.

38. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff claims to be summarizing or quoting any alleged conversation or exchange. This

statement has the effect of a denial of these allegations, *see* Fed. R. Civ. P. 8(b)(5), and Defendant denies the remaining allegations in Paragraph 38.

39. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff claims to be summarizing or quoting any alleged conversation or exchange. This statement has the effect of a denial of these allegations, *see* Fed. R. Civ. P. 8(b)(5), and Defendant denies the remaining allegations in Paragraph 39.

40. Defendant admits that cold chain products were delivered in or around July 6, 2022, and were not identified on the dock until in or around July 8, 2022. Defendant denies the remaining allegations in Paragraph 40.

41. Defendant is without knowledge or information sufficient to form a belief as to what surveillance footage Plaintiff claims to have reviewed. This statement has the effect of a denial of these allegations, *see* Fed. R. Civ. P. 8(b)(5), and Defendant denies the remaining allegations in Paragraph 41.

42. Denied.

43. Denied.

44. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff claims to be summarizing or quoting any alleged conversation or exchange. This statement has the effect of a denial of these allegations, *see* Fed. R. Civ. P. 8(b)(5), and Defendant denies the remaining allegations in Paragraph 44.

45. Denied.

46. Denied.

47. Denied.

48. Defendant admits that Jarad Nelson was at the Southaven Center in or around July 2022. Defendant denies the remaining allegations in Paragraph 48.

49. Plaintiff was not permitted to leave for the day, as he alleges; that allegation is denied. Defendant, in turn, denies the remaining allegations in Paragraph 49.

50. Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff claims to the order of alleged events. This statement has the effect of a denial of these allegations, *see* Fed. R. Civ. P. 8(b)(5). Defendant admits that Plaintiff was terminated on July 14, 2022, but denies the remaining allegations in Paragraph 50.

51. Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff claims to the order of alleged events. This statement has the effect of a denial of these allegations, *see* Fed. R. Civ. P. 8(b)(5). Defendant admits that Plaintiff was terminated on July 14, 2022, but denies the remaining allegations in Paragraph 51.

52. Denied.

53. Defendant admits that it did not provide Plaintiff with a written document entitled "Termination Notice" or "Separation Notice," but denies the remaining allegations in Paragraph 53.

54. Defendant admits that Jim Minor was part of an investigation into the cold chain incident referenced in paragraph 54. Defendant denies the remaining allegations in Paragraph 54.

55. Denied.

56. Defendant admits that it did not provide Plaintiff with a written document entitled "Termination Notice" or "Separation Notice," but denies the remaining allegations in Paragraph 56.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

**FIRST CAUSE OF ACTION**
**NATIONAL ORIGIN DISCRIMINATION**
**42 U.S.C. § 2000(e)-3 *et seq*. (Title VII)**

69. Denied.[1]

70. Denied.

71. Denied.

72. Denied.

73. Denied.

**SECOND CAUSE OF ACTION**
**RETALIATION**
**42 U.S.C. § 2000(e)-3 *et seq*. (Title VII)**

74. Denied.[2]

---

[1] In an unnumbered sentence preceding Paragraph 69, Plaintiff states that he "repeats, re-alleges, and incorporates the Paragraphs above as if fully set forth herein." Defendant also incorporate its responses to all preceding Paragraphs.

[2] In an unnumbered sentence preceding Paragraph 74, Plaintiff states that he "repeats, re-alleges, and incorporates the Paragraphs above as if fully set forth herein." Defendant also incorporate its responses to all preceding Paragraphs.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

**THIRD CAUSE OF ACTION**
**RACE AND NATIONAL ORIGIN DISCRIMINATION**
**42 U.S.C. § 1981 (a)-(b) (§ 1981)**

79. Denied.[3]

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

**FOURTH CAUSE OF ACTION**
**RETALIATION**
**42 U.S.C. § 1981 (a)-(b) (§ 1981)**

85. Denied.[4]

86. Denied.

87. Denied.

88. Denied.

89. Denied.

******************

[3] In an unnumbered sentence preceding Paragraph 79, Plaintiff states that he "repeats, re-alleges, and incorporates the Paragraphs above as if fully set forth herein." Defendant also incorporate its responses to all preceding Paragraphs.

[4] In an unnumbered sentence preceding Paragraph 85, Plaintiff states that he "repeats, re-alleges, and incorporates the Paragraphs above as if fully set forth herein." Defendant also incorporate its responses to all preceding Paragraphs.

## VII. PRAYER FOR RELIEF

Defendant denies the allegations contained in the unnumbered Paragraph beginning, "Wherefore," including all subparts thereto, and further denies that Plaintiff is entitled to any relief whatsoever.

## VIII. TRIAL BY JURY

Defendant denies that Plaintiff is entitled any trial by jury.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Without prejudice or waiver of the foregoing, Defendant asserts, relies on, and pleads any defense to which Defendant may be entitled under any applicable federal, state, or local law or regulation, including the following:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has waived, released, or both any demand, claim, or entitlement to a trial by jury of any kind.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the applicable statute(s) of limitations, or statute(s) of repose, or both.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, res judicata, unclean hands, or any combination thereof.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because alleged damages, if any, were proximately caused by an independent intervening cause over which Defendant had no control nor right to control.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because alleged damages, if any, are the result of Plaintiff's own actions or inactions, or the actions or inactions of third parties, such actions or inactions being the sole proximate cause of alleged damages or, in the alternative, a contributing cause of such alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to appropriately mitigate alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust statutory or administrative remedies, because Plaintiff's allegations exceed the scope of any statutory or administrative steps taken by Plaintiff, for example, filing a charge of discrimination, or some combination of both.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because liability cannot attach for acts by any employee committed outside the course or scope of that employee's employment.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the statutory caps contained in the relevant statutes, the statutes under which Plaintiff seeks relief, or both.

**TENTH AFFIRMATIVE DEFENSE**

Under the circumstances of this case, any award of punitive damages is barred by, or may violate, the United States Constitution, the Constitution of an applicable State, such as Mississippi, as well as any applicable state or federal law.

## ELEVENTH AFFIRMATIVE DEFENSE

In the event Defendant discovers or otherwise learns of evidence to which the "after acquired evidence" doctrine applies, Plaintiff shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, to the extent they are found to be frivolous, groundless, and/or unreasonable. In such a case, Defendant is entitled to attorney fees and other costs incurred in connection with the defense of this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by additional affirmative defenses and after acquired evidence that may arise during these proceedings.

## PRAYER FOR RELIEF

Defendant respectfully prays that this Court:

1. Enter an order dismissing with prejudice all claims and this action;

2. Award Defendant the costs and attorney fees incurred by it in connection with this action; and

3. Grant any such other, further, or proper relief to which Defendant may be entitled.

Respectfully submitted, this, the 31st day of May, 2024.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**
Mississippi Bar No. 103793
zbusey@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

(901) 577-2303 – fax

***Attorney for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this day filed this document with the Clerk of the Court using the ECF system, which sent notification of the filing to all counsel of record.

So certified, this, the 31st day of May, 2024.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**